29 F.3d 627
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Jay Carter HOLLOWAY, Appellant,
v.
Crispus NIX; Iowa Department of Corrections, Appellees.
 No. 93-3963.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 11, 1994.
Filed: July 26, 1994.
 
 Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Jay Carter Holloway was convicted by a jury in Iowa state court of one count of kidnapping and two counts of third degree sexual abuse. After trial, judgment was arrested on the sexual abuse charges because they were deemed to be merged with the kidnapping conviction. Holloway was sentenced to life in prison. He filed a direct appeal and later sought all postconviction remedies available in the Iowa courts. These state claims were denied, the actions dismissed and Holloway then filed this petition seeking a federal writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254.
 
 
 2
 After a hearing in the district court, Holloway's petition was denied. His sole contention on appeal is that the state court conviction violated his due process rights under the Fourteenth Amendment because no rational jury could have found him guilty of the charged crime beyond a reasonable doubt. We disagree and affirm the district court.
 
 I. DISCUSSION
 
 3
 The test we apply is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The single element in dispute is the identity of Holloway since the victim could not directly identify her assailant because he wore a ski mask over his head.
 
 
 4
 Although Holloway mounts a broad attack on the sufficiency of the identification evidence adduced at trial, his main contention involves an issue not raised in the state courts. Specifically, he now cites People v. Collins, 438 P.2d 33 (Cal. 1968) for the proposition that he was convicted through a "probabalistic verdict," id at 41, as a result of the prosecution's reliance upon statistical evidence received at trial.
 
 
 5
 The district court found, first, that since Holloway did not present his Collins argument to the state courts he is precluded by Coleman v. Thompson, 501 U.S. 722, , 111 S. Ct. 2546, 2565 (1991), from presenting it in this section 2254 action. Holloway offered no cause for his failure to present the claim in state court nor did he seek to show any prejudice resulting from this failure as required by Wainwright v. Sykes 433 U.S. 72, 87 (1977). We agree that consideration of the claim in federal court is barred.
 
 
 6
 The district court further considered the merits of the claim and found it wanting. The court determined that Holloway does not raise a Collins claim. We agree. In Collins, the expert testified "[w]ithout presenting any statistical evidence whatsoever in support of the probabilities...." 438 P.2d at 36 (emphasis omitted). Here, criminalist Michael J. Peterson examined blood and semen samples, identified relevant factors, and testified about the statistical probabilities as to each factor. We have found such evidence to be admissible, Hicks v. Scurr, 671 F.2d 255, 259 (8th Cir.), cert. denied, 459 U.S. 968 (1982), as has the Iowa Supreme Court, State v. Klindt, 389 N.W.2d 670, 672 (Iowa 1986). Accordingly, no constitutional violation occurred upon the admission of this evidence. Also, fair discussion of this relevant proof during the prosecutor's summation, as here, is constitutionally permissible. Thus, along with the other evidence before the jury, this proof constituted a sufficient showing of identification. Further, the evidence need not be overwhelming to allow a reviewing court to decide a rational jury could have found the defendant guilty. Grubbs v. Delo, 948 F.2d 1459, 1469 (8th Cir. 1991), cert. denied, 113 S. Ct. 109 (1992).
 
 II. CONCLUSION
 
 7
 Accordingly, we agree with the well-reasoned opinion of the district court, see 8th Cir. R. 47B, and affirm.